IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SHAWN LOCKHART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 124-033 |
| | ) |
| CHARLES MIMS, Warden, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

### I.  BACKGROUND

On June 15, 2009, Petitioner entered a guilty plea in the Superior Court of Columbia County to one count of armed robbery, two counts of kidnapping, and two counts of possession of a firearm during the commission of a crime, and the trial court sentenced Petitioner to a total of twenty-five years in prison. (Doc. no. 1, p. 1.) In 2022, Petitioner filed a motion to correct void judgment, which the trial court denied, and the Court of Appeals dismissed the direct appeal for lack of jurisdiction on April 17, 2023. Lockhart v. State, No. A23A1178, *slip op.* at 2 (Ga. Ct. App. Apr. 17, 2023), Ex. A attached.

Petitioner also pursued state collateral relief after his guilty plea. On September 28, 2012, he filed a state habeas corpus petition in the Superior Court of Ware County, which was denied on August 20, 2019. See Ware Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Case Number," in Ware County Superior Court; then search for "SUV2012-000736"; and open Lockhart v. Toole, last visited Apr. 19, 2024); see also doc. no. 1, p. 4. The Georgia Supreme Court denied Petitioner's request for a Certificate of Probable Cause to Appeal ("CPC") by order dated May 3, 2022, and the remittitur was filed in Ware County on July 26, 2022. Lockhart v. Toole, S20H0294 (Ga. May 3, 2022), Ex. B attached; see also doc. no. 1, p. 6.

Petitioner executed the instant federal habeas corpus petition on March 13, 2024, and the Clerk of Court filed it on April 2, 2024. (Doc. no. 1, pp. 1, 15.) The Clerk of Court issued a deficiency notice explaining Petitioner needed to pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*, and Petitioner paid the filing fee on April 18, 2024. (Doc. no. 2; docket entry dated Apr. 18, 2024.) Petitioner raises several claims for relief based on alleged multiple instances of ineffective assistance of counsel. (See generally doc. no. 1.)

**II.  DISCUSSION**

   **A.  The Petition Is Time-Barred**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken"). Because Petitioner did not file a direct appeal following his plea and sentencing on June 15, 2009, his conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final in July 2009.

3

Petitioner had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). However, Petitioner did not attempt to obtain post-conviction relief until he filed his state habeas petition on September 28, 2012, over three years after his conviction became final. Therefore, the one-year limitations period for filing a federal petition had already expired by the time he filed for collateral relief in the state courts in 2012, meaning that no time period remained to be tolled.[1] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition executed on March 13 and filed on April 2, 2024, is untimely.

> B. **The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year

---

[1] Petitioner's other unsuccessful efforts in the trial and appellate courts to attack his sentence and/or convictions, commenced after the filing of the state habeas petition in 2012, do not change the calculation because as explained above, the federal statute of limitations had already expired and could not be revived. The docket of the underlying criminal proceedings in Columbia County, Georgia, is publicly available. See Columbia Cnty. Clerk of Courts Docket, available at https://clerkofcourtcolumbia.com/docket-search/; select "Click Here to Search Dockets"; select "I agree," (follow "Criminal Search" hyperlink; then search for Case # 2008CR0401, select "Lockhart Jr, Shawn Davert," last visited Apr. 19, 2024), Ex. C attached; United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely

5

than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown he satisfies the test for application of equitable tolling or that a miscarriage of justice will occur if his claims are not considered. Petitioner has not shown extraordinary circumstances stood in his way and that he has been pursuing his rights diligently. To the contrary, Petitioner offers no argument on timeliness in the portion of the petition reserved for such. (Doc. no. 1, pp. 13-14.) Based on the information presented, it appears Petitioner believes his federal petition is timely based on the ruling of the Georgia Court of Appeals in 2023 concerning the motion to correct void judgment filed in 2022. However, as explained above, AEDPA's statute of limitations expired *before* Petitioner commenced his state habeas proceedings in 2012, and therefore, the 2023 dismissal by the Court of Appeals is not relevant to the timeliness analysis concerning the federal petition.

Pretermitting any argument Petitioner was not aware of the federal statute of limitation, the Court notes the Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as

6

extraordinary circumstances).  Eleventh Circuit precedent is clear a petitioner in federal court seeking to invoke equitable tolling must explain "any independent efforts he made to determine when the relevant limitations period began to run."  Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citation omitted), *opinion modified on rehr'g on other grounds*, 459 F.3d 1310 (11th Cir. 2006); Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (finding no basis for equitable tolling "especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline").  Petitioner does not argue, let alone provide any factual detail to support a finding, he made any efforts to determine when his federal statute of limitations began to run.  In sum, Petitioner has not satisfied the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."  Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).

Nor has Petitioner shown a miscarriage of justice will occur if his claims are not considered.  Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted based on his own plea such that no reasonable juror would have found him guilty beyond a reasonable doubt.  Rather, he raises conclusory allegations regarding ineffective assistance of counsel and denial of a "fair trial," but there is no mention of any exculpatory evidence, much less new and reliable evidence showing he did not commit the offense to which he pleaded guilty.

In sum, the information offered now concerning the validity of the convictions and alleged legal errors in the state proceedings do not constitute new and reliable evidence that would satisfy Petitioner's high burden to meet the requirements for application of equitable tolling.  See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir. 2008) (*per curiam*)

7

(emphasizing "actual innocence means factual innocence, not mere legal insufficiency" (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

For these reasons, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of April, 2024, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA