IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHAWN LOCKHART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 124-033 |
| | ) | |
| CHARLES MIMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 7.) Nothing in the objections changes the analysis that the petition is untimely, but one argument merits further comment. After stating he had not previously filed a petition in federal court regarding the conviction now challenged, (doc. no. 1, p. 12), Petitioner discloses he had a prior federal petition dismissed for failing to exhaust available state court remedies, Lockhart v. Heart, CV 110-161, doc. nos. 3, 5 (S.D. Ga. Feb. 11, 2011). Petitioner argues the dismissal of the prior case is "pivotal" and should reset his one-year statute of limitations. (Doc. no. 7, pp. 3-4, 10.) The Court disagrees.

The United States Supreme Court long ago ruled the pendency of a federal habeas corpus petition does not toll the statute of limitations period of Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Duncan v. Walker, 533 U.S. 167, 181-82 (2001). The Supreme Court explained the tolling provision of AEDPA applied to an "application for State

post-conviction or other collateral review," but was not tied to federal habeas corpus review. Id. at 172-73. As the Magistrate Judge explained, by the time Petitioner filed for state habeas corpus relief in 2012, his federal statute of limitations had expired, meaning that no time remained to be tolled. (Doc. no. 3, p. 4 (citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).) Stated otherwise, Petitioner's failure to first exhaust state court remedies before prematurely filing his 2010 federal habeas petition does not save the current petition from dismissal for being untimely. See Duncan, 533 U.S. at 181-82. Petitioner's reliance on Banister v. Davis, 590 U.S. 504, 507-08 (2020), for the proposition that a prisoner must always be able to challenge a state court conviction in federal court after exhausting state remedies is inapposite, (see doc. no. 7, pp. 4-5), as that case addressed AEDPA's restrictions on second or successive petitions in relation to time limits for filing a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), not AEDPA's one-year statute of limitations.[1]

Accordingly, the Court **OVVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** as untimely the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional

---

[1] The Court also recognizes Petitioner's belated arguments regarding equitable tolling and the fundamental miscarriage of justice exceptions, (doc. no. 7, pp. 12-14), but finds they do not meet the high standards set by the United States Supreme Court and the Eleventh Circuit Court of Appeals, as explained in detail by the Magistrate Judge, (doc. no. 3, pp. 4-8).

right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action **DIRECTS** the Clerk to enter an appropriate judgment of dismissal.

SO ORDERED this 13th day of June, 2024, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.